**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION**

| | |
|---|---|
| GERALD THEIS, JR., | ) Cause No. CV 20-11-SPW-TJC |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) **ORDER RE FINDINGS AND** |
| | ) **RECOMMENDATIONS OF** |
| | ) **UNITED STATES MAGISTRATE** |
| AFLAC INC., | ) **JUDGE** |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |
| | ) |
| | ) |

Before the Court is United States Magistrate Judge Cavan's Findings and Recommendations (Doc. 22) regarding Defendant Aflac's Motion to Compel Arbitration, Dismiss or Stay Proceedings, and for Attorney's Fees (Doc. 6), filed December 28, 2020. Judge Cavan recommended that the Court grant Aflac's Motion in part and deny the motion in part. (Doc. 22 at 1). Plaintiff Gerald Theis filed objections to the Findings and Recommendations on January 11, 2021. (Doc. 23). Aflac responded to the objections on January 25, 2021. (Doc. 24). For the following reasons, the Court adopts Judge Cavan's Findings and Recommendations in full.

**I.     STANDARD OF REVIEW**

Parties are entitled to de novo review of those portions of Judge Cavan's findings and recommendations to which they timely and properly object. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The Court may accept, reject, or modify, in whole or in part, those findings and recommendations properly objected to. 28 U.S.C. § 636(b)(1). "A party makes a proper objection by identifying the parts of the magistrate's disposition that the party finds objectionable and presenting legal argument and supporting authority, such that the district court is able to identify the issues and the reasons supporting a contrary result." *Lance v. Salmonson*, 2018 WL 4335526, at *1 (D. Mont. Sept. 11, 2018) (quoting *Montana Shooting Sports Ass'n v. Holder*, 2010 WL 4102940, at *2 (D. Mont. Oct. 18, 2010)). Simply restating the party's argument previously made before the magistrate judge is not a sufficient objection. *Id.*

Absent an objection, a court reviews a magistrate's findings and recommendations for clear error. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000).

## II.    RELEVANT BACKGROUND

No party objected to Judge Cavan's recitation of the case's relevant factual background. Therefore, finding that no clear error exists, Judge Cavan's factual findings of the relevant background of the case are adopted in full.

## III.   DISCUSSION

Judge Cavan found that a valid and enforceable arbitration agreement existed in the Associate's Agreement entered into by Theis and Aflac. (Doc. 22 at 8). Further, Judge Cavan found that the arbitration agreement was not unconscionable and that Theis had failed in his burden to show the fee-splitting arrangement contemplated in the arbitration agreement was prohibitively costly. (Doc. 22 at 15). Judge Cavan was not convinced by Theis's argument that because Aflac allegedly breached the contract, the arbitration agreement was unenforceable. Judge Cavan found that the arbitration agreement survives in the face of these allegations. (Doc. 22 at 16). The arbitration agreement was also found to encompass the disputes alleged by Theis (*Id*. at 17), and Judge Cavan recommended that the pending matter be stayed while the arbitration process proceeded. (*Id*. at 18). Finally, Judge Cavan found that the determination of attorney fees should be reserved for the arbiter's decision. (*Id*. at 19).

Theis objected to Judge Cavan's finding that the arbitration agreement's fee-splitting arrangement was not unconscionable as a matter of law. (Doc. 23 at 5). Theis also objected to Judge Cavan's finding that Theis failed in his burden to

3

prove that the fee-splitting arrangement in the Associate's Agreement was not prohibitively costly. (*Id.* at 3;13). Each objection will be addressed below.

### a. Unconscionability

In his original response, Theis argued that fee-splitting arrangements in arbitration agreements are unconscionable as a matter of law. Theis supported this argument with references to numerous cases from outside Montana including several Ninth Circuit opinions relying on California law. In his objection, Theis once again cites to opinions from outside Montana to support his argument that fee-splitting arrangements are averse to public policy concerns and should be invalidated.[1] However, as Judge Cavan stated, this Court is bound by Montana law and must apply it to the instant case as applicable. (Doc. 22 at 7, citing *Circuit City Stores, Inc. v. Adams*, 279 F.3d 889, 892 (9th Cir. 2002)).

In Montana, an arbitration agreement is considered unconscionable if "(1) the contract or term is a contract of adhesion and (2) the contract or term unreasonably favors the stronger party or is unduly oppressive to the weaker party." *Lenz v. FSC Securities Corporation*, 414 P.3d 1262, 1274 (Mont. 2018). Whether the term is unduly oppressive is a question of fact and law analyzed

---

[1] *Armendariz v. Foundation Health Psychcare Services, Inc.*, 6 P.3d 669, 99 Cal. Rptr. 2d 745 (Cal 2000); *Pinela v. Neiman Marcus Group, Inc.*, 238 Cal.App.4th 227, 254-55 (Cal. Ct. App. 2015); *Nesbitt v. FCNH, Inc.*, 811 F.3d 371 (10th Cir. 2016); *Morrison v. Circuit City Stores, Inc.*, 317 F.3d 646 (6th Cir. 2003); *Chavarria v. Ralphs Grocery Co.*, 733 F.3d 916, 925 (9th Cir. 2013); *Clark v. Renaissance West, LLC*, 232 Ariz. 510, (Ariz. Ct. App. 2013); etc.

under a totality of the circumstances approach. *Id.* at 1276. The Montana Supreme

Court has laid out several factors to consider when analyzing an allegedly

oppressive contract in *Kortum-Managhan v. Herbergers NBGL*, 204 P.3d 693,

699 (Mont. 2009). However, Theis did not address any of these factors and

argued only that the fee-splitting arrangement must be struck down as *per se*

illegal. (Doc. 22 at 10). Theis's objections similarly do not address any of the

*Kortum-Managhan* factors. Instead, Theis once again relies on the public policy

argument that fee-splitting is unconscionable *per se* and that *Lenz* and *Kortum-*

*Managhan* do not apply to the current situation because *Lenz* involved a

consumer contract, not an employment contract. (Doc. 23 at 5).

However, in *Bucy v. Edward Jones & Company, L.P.*, 396 Mont. 408

(Mont. 2019), the Montana Supreme Court addressed whether an arbitration

agreement was valid in an employment contract utilizing the *Lenz* and *Kortum-*

*Managhan* factors. In that case, the Montana Supreme Court upheld an arbitration

agreement despite the argument that the agreement failed to adequately waive

Bucy's constitutional rights and that the agreement was unconscionable. *Id.*, 296

Mont. at 426; 429. The Montana Court relied on the case-specific approach of

analyzing the *Lenz* and *Kortum-Managhan* factors to find that the circumstances

of Bucy's employment and contract signing did not create an unduly oppressive

arbitration agreement. *Id.*, 396 Mont. at 428-29. This Court sees no reason to

deviate from the Montana Supreme Court's approach in *Bucy*. Therefore, the Court agrees with Judge Cavan's finding that the fee-splitting arrangement in Theis's arbitration agreement was not unconscionable *per se* under Montana law.

### b. Prohibitively Costly to Theis

"[W]here . . . a party seeks to invalidate an arbitration agreement on the ground that arbitration would be prohibitively expensive, that party bears the burden of showing the likelihood of incurring such costs." *Green Tree Fin. Corp.-Ala. v. Randolph*, 531 U.S. 79, 92 (2000). The risk alone that the party "will be saddled with prohibitive costs is too speculative to justify the invalidation of an arbitration agreement." *Id.*, 531 U.S. at 91.

Judge Cavan found that the only evidence Theis presented to demonstrate the prohibitive nature of the fee-splitting arrangement was an affidavit in which Theis stated that he lost his employment in April of 2019 and that he lost $26,550 due to Aflac's alleged failure to pay him his final 30 days' override commissions, stock, and renewals. Based on this information, Judge Cavan determined that Theis, at least at one point, had a significant source of income and that Theis failed to adequately demonstrate, beyond mere speculation, that the arbitration costs incurred would be prohibitive. (Doc. 22 at 13; 14).

Theis objected to this finding, arguing that Judge Cavan could not speculate on Theis's available resources since he lost his job. However, Theis

failed once again to provide any additional information or evidence on why the arbitration costs would be prohibitive. For example, Theis has not provided any information on whether he has found additional employment, he has not provided any information on his currently available resources, and he has not provided any information on how much an arbiter would cost other than speculative statements. Theis argues that he was not afforded an adequate opportunity to acquire and present this evidence due to Judge Cavan's order staying the case pending resolution of Aflac's motions. Yet, the case was not stayed until after Theis filed his response to Aflac's motions, and whether the case was stayed or not would have no effect on Theis's ability to obtain the financial information because it was all information in Theis's possession. Therefore, the Court agrees with Judge Cavan's finding that Theis has failed in his burden to demonstrate the arbitration's prohibitive costs.

## IV.   CONCLUSION

**IT IS HEREBY ORDERED** that Judge Cavan's Findings and Recommendations (Doc. 22) are **ADOPTED IN FULL.**

**IT IS FURTHER ORDERED** that Defendant Aflac's Motion to Compel Arbitration (Doc. 6) is **GRANTED.** Aflac's Motion for Attorney's Fees is **DENIED.** Aflac's request to dismiss the case is **DENIED.**

**IT IS FURTHER ORDERED** that this case is **STAYED** pending arbitration.


DATED this 18th day of March, 2021.

Susan P. Watters
SUSAN P. WATTERS
U.S. District Court Judge